[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The State's Motion to seal the search warrant, supporting affidavits and return is denied for the following reasons:
1. In a prior proceeding involving the identical documents, this court granted a motion filed by the Hartford Courant to order the subject records unsealed. The court's order is currently on appeal to the Appellate Court. As a consequence, the court's order granting the Hartford Courant's motion is presently stayed. Therefore, the State's motion is not ripe for determination.
2. Additionally, the provisions of P.B. § 42-49 do not enlarge the authority of the court regarding search warrants beyond its statutory authority pursuant to C.G.S. § 54-33a. C.G.S. § 54-33c states, in part, that copies of search warrant applications and supporting affidavits must be filed with the clerk of the court no later than the next business day following the execution of the warrant. By necessary implication, all such documents become public records upon filing in the clerk's office except that, pursuant to C.G.S. § 54-33a. "Prior to the execution and return of the warrant, the clerk of the court shall not disclose any information pertaining to the application for the warrant or any affidavits upon which the warrant is based." This statute further requires that search warrants be executed and that copies of the warrant and supporting documents be delivered to the individuals whose property has been searched within specified time periods. As exceptions, the court may dispense with the delivery requirement upon a finding that delivery would jeopardize the safety of a confidential informant, would adversely affect a continuing investigation, or would require disclosure of information protected by Chapter 959a. In this case, while the original order of 1983 dispensing with the requirement of delivery was ordered in 1983 when the (then) existing H statute had no outside time period for such dispensation, this court believed it correct to apply the present language limiting the period of dispensation, but the court gave the state an opportunity to present the court with an in camera review of any documentation from which the court could reasonably find that any of the bases for dispensing for delivery persists. As justification for its resistance to the Hartford Courant's motion the state acknowledged that the life of no confidential informant was in jeopardy, there was no involvement of Chapter 959a, and the state could say only that disclosure CT Page 13947 might adversely affect an ongoing investigation. Since the state's claims did not meet the exception requirements of C.G.S. § 54-33c, this court granted the Hartford Courant's motion.
3. During the hearing on the Courant's motion, the court and counsel engaged in a colloquy regarding the applicability of P.B. § 42-49 to the Courant's motion. While the state indicated its belief that P.B. § 42-49 did not pertain, the state argued that its interest in preserving the confidentiality of ongoing investigations justifies its general view that the public has no right of access to executed search warrants and accompanying documents filed in the clerk's office prior to an arrest. The court disagrees. Even if the language of P.B. § 42-49
broadens the court's authority to order closure of files beyond the statutory provisions of § 54-33c, the interests identified by the state in protecting secrecy and privacy are not greater than the public interest in the openness of judicial proceedings and the public confidence such openness engenders.
 ___________________, J. BISHOP, J.